861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HALE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-6237.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Hale appeals from a decision of the district court which affirmed the determination of the Secretary that Hale was not entitled to disability benefits.
 
 
 2
 Hale was forty-five years old at the time of his hearing before the administrative law judge (A.L.J.), suffered from diabetes and from degenerative arthritis in his right knee, weighed two hundred ninety-nine pounds, had completed tenth grade, and had worked in the past as a quality control inspector, a restaurant owner and manager, and as a stockman and foreman for an office furniture company. He alleged disability commencing on September 15, 1980 due to chronic thrombophlebitis, according to his May 16, 1984 application for benefits.
 
 
 3
 In October of 1978, Hale injured his right knee while lifting furniture, at his place of employment. After surgery to repair the knee, he experienced swelling of his right leg and was unable to return to work until after May of 1980. He quit work on September 15, 1980, because of the swelling. In September 1981, in a previous proceeding, Hale was awarded benefits on the basis of disability resulting from his thrombophlebitis.
 
 
 4
 However, as the A.L.J. noted in this proceeding, Hale's disability status had been terminated in March of 1983, on the basis that he was no longer disabled and was "able to do substantial gainful work." Because Hale did not appeal that decision, the A.L.J. pointed out that redetermination of his disability status as of March 28, 1983 was therefore barred by res judicata, and the issue before him was Hale's condition after that date.
 
 
 5
 In essence, Hale contended in this proceeding that his condition had deteriorated to the point that he was required to elevate his right leg above his heart, almost continually, and this prevented his being employed even in a sedentary capacity.
 
 
 6
 The most detailed early information in the file from Hale's attending physician, William R. Fuqua, M.D., appears in the form of a deposition taken on March 23, 1981, in a workers' compensation proceeding. There, Dr. Fuqua stated his opinion that when Hale's conditions were considered in combination, he was disabled in the range of fifty-eight percent. In his most recent report, filed before the A.L.J.'s decision, Dr. Fuqua, on June 1, 1984, noted that his patient appeared to be "at least holding his own on his circulation" and that "[h]e still is markedly restricted by the chronic swelling of the leg as well as the decreased vascular return as well as the degenerative arthritis and this maintains him at a disabled state." In May 1984, in response to an insurance company's questionnaire asking "when will individual be able to return to regular occupation full time?", Dr. Fuqua had responded, "Never." However, he furnished no response to the question "Can this individual now return to work at any occupation for which he or she is or may become reasonably fitted by education, training or experience?" And, as noted by the A.L.J., just prior to the March 28, 1983 determination that Hale was able to engage in substantial gainful employment, Dr. Fuqua had advised the state's Division of Disability Determinations that there were "no significant changes in [his] condition" since June of 1982, when he had reported that Hale walked two to three miles a day, swam regularly for exercise, experienced swelling depending on how long "he is up," and could not stand over two to three hours.
 
 
 7
 The A.L.J. concluded that "[w]hile the claimant testified that his treating physician has advised him to keep his right leg elevated above the heart level almost constantly, the clinical findings, as documented in the medical evidence of record, fail to reveal that the claimant's condition is so severe as to require almost constant elevation of the leg." Hale most heavily relied upon evidence from his attending physician, Dr. Fuqua. But, after reviewing the reports from Dr. Fuqua, we agree with the A.L.J. that they simply do not support Hale's complaints. Instead, they were accurately characterized by the A.L.J. as relaying the doctor's opinion that Logan's condition essentially remained unchanged.
 
 
 8
 Nor is the July 1984 report by James Owen, M.D. necessarily inconsistent with the A.L.J.'s conclusion. Although he reported that Hale "does appear to be disabled based upon his poor circulation," he noted that "it is obvious that he would be limited to sedentary activities, because of the chronic venous insufficiency," and said that opinion was "[b]ased on the patient's history on the day of his examination." (Emphasis added.) The history which Dr. Owen recites as having been received from Hale was grim indeed, and inaccurate for having omitted moderating portions of his history mentioned by Dr. Fuqua. In addition, the only objective medical finding by Dr. Owen that would appear to support Hale's complaints was that of mild swelling of his ankles.
 
 
 9
 Accordingly, the A.L.J.'s conclusion that "the weight of the evidence establishes that the claimant has been capable of engaging in a full range of sedentary work activity ... since March 29, 1983, as opined by State Agency physicians," is supported by substantial evidence.
 
 
 10
 The order of the district court, affirming the denial by the Secretary of plaintiff's application for social security disability benefits, is AFFIRMED, for the reasons stated above and in the decision of the administrative law judge dated November 29, 1984.